IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**NANCY SANTIAGO OTERO,**
**Plaintiff**

**v.**                                          **CIVIL NO. 05-1443(DRD)**

**RAMON QUIRINDONGO**
**ECHEVARRIA, et al.,**
**Defendants**

### ORDER

Pending before the Court is defendants' *Motion to Dismiss on Res Judicata Grounds*. (Docket No. 32). Through said motion, defendants move the Court to dispose of the instant case provided that all requirements for *res judicata* are met due to this Court's dismissal of all of plaintiff's claims in sister case Civil No. 05-1390(DRD). Plaintiff duly opposed defendants' request arguing that the requisites for a *res judicata* dismissal are not met given the fact that the instant case seeks punitive damages, has additional allegations contained in the *Amended Complaint* (which this Court has yet to allow), and has two additional defendants (from plaintiff's *Complaint*, the Court can only ascertain one additional defendant – the Commonwealth of Puerto Rico as co-defendant Quirindongo Echevarria's employer). (Docket No. 34).

The doctrines of *res judicata* and collateral estoppel preclude relitigation of claims and/or issues which have been or could have been litigated in a prior judicial action for which judgment has been rendered. *See* Apparel Art International, Inc. v. Amertex Enterprises Ltd., 48 F.3d 576 (1st Cir. 1995), quoting Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411 (1980); Baez-Cruz v. Municipality of Comerio, 140 F.3d 24 (1st Cir. 1998); *see also* Parklane Hoistery Co., Inc. v. Shore, 439 U.S. 322, 326, n. 5, 99 S.Ct. 645, 649 (1979). The First Circuit has also indicated that "*res judicata* operates as an absolute bar to the relitigation of the same cause of action between parties (or their privies) and that a prior judgment rendered on the merits is conclusive not only to the issues which were determined but as to all matters which might have bene determined as well." Westcott Const. v. Firemen's Fund of New Jersey, 996 F.2d 14, 16 (1st Cir. 1993), quoting Griffin v. State of R.I., 760 F.2d 359, 360 (1st Cir. 1991). Finally, "federal law governs the res judicata effects of a federal court judgment in a prior federal question case on a subsequent case that presents a federal question to a federal court [...] provided that federal courts must have the power to define the effect of their own judgments." Apparel Art International, Inc., 48 F.3d at 583, n.7.[1] "[O]nce a court has decided an issue of fact or law necessary to

---

[1] It is well known, however, that federal courts must give full faith and credit to a final judgment issued by a Puerto Rico court, and as such, this court lacks subject matter jurisdiction to entertain a controversy previously adjudicated by the Puerto Rico courts. *See*: District of Columbia Ct.App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1315-1317, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *see also* Henry v. Connolly, 910 F.2d 1000, 1002 (1st Cir.1990) ("A federal court cannot presume to sit in direct appellate review of final state court determinations in judicial proceedings."). However, even if the claims were founded strictly under Puerto Rico law, preclusion would still includes "claims that were raised or could have been raised." Colon Padilla v. San Patricio Corp., 81 D.P.R. 242, 264 (1959); Perez v. A.F.F., 87 D.P.R. 118 (1963).

its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." United States v. Mendoza, 464 U.S. 154, 158, 104 S.Ct. 568, 571 (1984).

In order to determine whether *res judicata* precludes litigation of a party's claims, a three prong test must be satisfied. The elements of this test are: 1) a final judgment on the merits in an earlier suit; 2) sufficient identity between the causes of action asserted in the earlier and later suits and; 3) sufficient identity between the parties in the two suits. *See* Gonzalez v. Banco Cent.Corp., 27 F.3d 751, 755 (1st Cir. 1994).

**The Court has examined the record and ascertained that all elements of the *res judicata* doctrine have been met.** A final judgment on the merits was issued by this same Court in an earlier suit (Civil No. 05-1390(DRD)) wherein the Court dismissed with prejudice plaintiff's due process claims and without prejudice plaintiff's First Amendment claims. Furthermore, there is more than sufficient identity between the causes of action asserted in the earlier case and the instant suit for both seek relief under the First and Fourteenth Amendments of the United States Constitutions, 42 U.S.C. § 1983, and 29 P.R. Laws Ann. § 146. Moreover, even when the older suit was seeking **only** injunctive relief, *res judicata* attaches nonetheless because said doctrine bars claims that "could have been raised in the first action." *See* Apparel Art International, 48 F.3d at 583 (*res judicata* and federal laws). Finally, the fact that the director of the legal affairs office of the police department is the only "new" defendant in this action does not annihilate the sufficiency of identity between the parties in the two actions.

Finally, the Court wishes to explain, once again, to plaintiff that her constitutional claim as to having a property right in her employment not to be deprived of being assigned all federal matters is **absolutely** inapposite. As this Court unambiguously concluded in sister case Civil No. 05-1390(DRD) when addressing the merits of the claims therein, "[i]t is well known that '(u)nder Puerto Rico law, public employees have a property interest in their continued employment, **NOT IN THE FUNCTIONS THEY PERFORM**.'" *Order for Dismissal*, August 16, 2005, Civil No. 05-1390(DRD), Docket No. 17 (*citing* Ruiz Casillas v. Camacho Morales, 415 F.3d 127 (1st Cir. 2005) (*emphasis ours*) (citations omitted).

Thus, pursuant to the doctrine of *res judicata*, this case is **DISMISSED WITH PREJUDICE** as to all federal claims. Since the Court dismissed plaintiff's federal action, pursuant to 28 U.S.C. § 1367 (c) as interpreted in González de Blasini v. Family Department, 377 F.3d 81, 89 (1st Cir. 2004); Claudio Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 105 (1st Cir. 2004); and Rodríguez v. Doral Mortgage, 57 F.3d 1168, 1177 (1st Cir, 1995) all claims pursuant to state law are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of October of 2005.

                                                              s/ Daniel R. Dominguez
                                                              **DANIEL R. DOMINGUEZ**
                                                              **U.S. DISTRICT JUDGE**